UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

OSCAR RENE PINTO                                    NUMBER 09-56-JJB-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 13, 2013.

                                       /s/ Stephen C. Riedlinger
                                       STEPHEN C. RIEDLINGER
                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                      CRIMINAL ACTION

OSCAR RENE PINTO                            NUMBER 09-56-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Leave to Amend Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, filed by petitioner Oscar Rene Pinto. Record document number 89. The motion itself has been considered as an amended motion for relief under § 2255. The United States of America filed a response.[1]

For the reasons which follow, the petitioner's amended § 2255 motion should be denied.

## I. Procedural History

On August 24, 2009, the petitioner was found guilty on two counts assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal officer in violation of 18 U.S.C. § 111(a)(1). On July 22, 2010, the petitioner was sentenced to imprisonment for a term of 96 months on counts one and two, to be served concurrently.

---

[1] Record document number 92.

Petitioner argued in his appeal that the district court erred in calculating his advisory sentencing guidelines range when it increased his offense level for obstruction of justice and denied a reduction in his offense level for acceptance of responsibility. The United States Court of Appeals for the Fifth Circuit affirmed the district court judgment. *United States v. Oscar Rene Pinto*, 458 Fed.Appx. 339 (5th Cir. 2012).

Petitioner signed his § 2255 motion on May 7, 2012, and it was filed on May 11, 2012. Petitioner asserted that he was denied effective assistance of counsel at trial and on appeal, and that the indictment was defective. Specifically, the petitioner asserted the following grounds for relief:

(1) he was denied effective assistance of counsel during plea negotiations when counsel failed to communicate to the petitioner the facts the government would present at re-arraignment, his sentence exposure if he entered a guilty plea, and the nature of the charges against him to which he intended to enter a guilty plea;

(2) he was denied effective assistance of counsel on appeal when counsel failed to brief an insufficient evidence claim; and,

(3) the indictment was defective because it failed to allege an enhancement pursuant to 18 U.S.C. § 111(b).

On August 13, 2012, a Magistrate Judge's Report was issued recommending that the petitioner's § 2255 motion be denied.[2] On October 25, 2012, the district judge adopted the Magistrate Judge's

---

[2] Record document number 77.

Report as the court's opinion.[3]

On September 10, 2012, the petitioner was granted leave of court to amend his § 2255 motion to assert the following two claims: (1) he was incorrectly sentenced under U.S.S.G. § 2A2.2 instead of § 2A2.3 or § 2A2.4, and (2) his trial attorney rendered ineffective assistance of counsel when the attorney failed to object to the guideline calculation in the pre-sentence report and failed to argue for the application of the alternate guideline sections during sentencing.

## II. Applicable Law and Analysis

**Grounds for § 2255 Motion**

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

**Ground 1: Incorrectly Sentenced Under U.S.S.G. § 2A2.2**

In his first ground for relief in his amended § 2255 motion, the petitioner argued that he was incorrectly sentenced under

---

[3] Record document number 88.

U.S.S.G. § 2A2.2 instead of § 2A2.3 or § 2A2.4.

Following a conviction and exhaustion or waiver of the right to direct appeal, the defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 978 (1992). A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962), and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594 (1982). If the alleged error is not constitutional or jurisdictional, the defendant must show that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice. *United States v. Capua*, 656 F2d. 1033, 1037 (5th Cir. 1981).

Petitioner did not argue, nor has he shown, that he has overcome the procedural bar by demonstrating the necessary cause and prejudice[4] or a fundamental miscarriage of justice.[5]

---

[4] The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that
(continued...)

Petitioner's first ground for relief in his amended § 2255 is procedurally barred.

### Ground 2: Ineffective Assistance of Counsel

In his second ground for relief in the amended § 2255 motion, the petitioner argued that he was denied effective assistance of counsel when trial counsel failed to object to the guideline calculation in the presentence report ("PSR") and failed to argue for the application of an alternate guideline section during sentencing. Specifically, the petitioner argued that § 2A2.4 should have been used in calculating his guidelines base offense level rather than U.S.S.G. § 2A2.2.[6]

### Facts

The essential relevant facts are summarized as follows. On April 3, 2009, border patrol agents Richard Treglia and Chad

---

[4](...continued)
the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id*.
  In addition to establishing cause for his procedural default, the petitioner must also show actual prejudice to overcome it. *United States v. Bowes*, 139 F.3d 900 (5th Cir. 1998).

[5] To prove a fundamental miscarriage of justice, the petitioner must assert his actual innocence. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

[6] Petitioner argued alternatively that § 2A2.3 should have been used in calculating his guidelines base offense. The applicable guidelines provision for a conviction under 18 U.S.C. § 111(a) is U.S.S.G. § 2A2.2 or U.S.S.G. § 2A2.4. Therefore, U.S.S.G. § 2A2.3 is inapplicable.

5

Hickman were conducting an interdiction operation at the I-12 overpass and Airline Highway in Baton Rouge, Louisiana. While dressed in a Border Patrol uniform and operating a marked vehicle, the border patrol agent turned on the overhead lights and activated the siren after observing the vehicle operated by Pinto make erratic evasive maneuvers. The vehicle slowed and the occupants exited the vehicle and began running. The border patrol agents gave chase on foot. The border patrol agents tackled Pinto, who resisted. Pinto clawed the border patrol agent's right hand, grabbed his pistol and tried to pull it towards him but was unable to get the gun out of its holster during the struggle with the agent. Agent Treglia sustained lacerations to his hands and knees, his knees were bruised and he was contaminated by the pepper spray used to gain control over Pinto. Agent Hickman sustained deep lacerations to his arm which resulted in scarring to his arm.[7]

On August 24, 2009, Pinto was found guilty of two counts assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal officer in violation of 18 U.S.C. § 111(a)(1).

A PSR was prepared. It determined the total offense level for Pinto's conduct was 27. The calculation was based on the

---

[7] This summary of the relevant facts is based on the trial testimony. Record document number 52, Trial transcript, pp. 5-38. A more detailed review of the testimony is contained in the earlier Magistrate Judge's Report, record document number 77, pp. 9-14.

conclusion that the aggravated assault guideline, U.S.S.G. § 2A2.2(a), was the proper starting point. Three levels were added because Agent Treglia suffered a bodily injury. An additional six levels were added because the assault involved an official victim.

The district court found that the PSR had appropriately applied the Guidelines and calculated Pinto's sentence. On July 22, 2010, Pinto was sentenced to a 96 month term of imprisonment.

## Applicable Law and Analysis

To obtain relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

To satisfy the first prong of the *Strickland* test, the petitioner must show that counsel's actions fell beneath an

7

objective standard of reasonable professional assistance. The second prong is satisfied by a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. An insufficient showing of prejudice leads to rejection of the claim without inquiry into the adequacy of counsel's performance. *Strickland v. Washington*, 466 U.S. at 697-98, 104 S.Ct. at 2069-70; *United States v. Fuller*, 769 F.2d 1095, 1097 (5th Cir. 1985).

When a person has been found guilty of violating 18 U.S.C. § 111, the sentencing court can apply either U.S.S.G. § 2A2.2 or § 2A2.4. *See* U.S.S.G. app. A.[8] It is left to the court to "select the most appropriate section based upon the nature of conduct charged in the count for which the defendant was convicted." *United States v. Principe*, 203 F.3d 849, 851 (5th Cir. 2000). Petitioner contends that his conduct does not warrant the application of Section 2A2.2.

"If the conduct constituted aggravated assault," the Guideline for obstructing and impeding officers requires application of Section 2A2.2. U.S.S.G. § 2A2.4(c). By implication, Section 2A2.4 should be used when there was not an aggravated assault. *See*

---

[8] Petitioner's argument that § 2A2.3 should have been used in calculating his guidelines base offense is without merit. See note 6 above.

*United States v. Hooker*, 997 F.2d 67, 75 (5th Cir. 1993). "Aggravated assault," as used in this part of the Guidelines, "means a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." U.S.S.G. § 2A2.2 cmt. n.1.

"Bodily injury" is a defined term - it means "any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1 cmt. n. 1(B).

The PSR recommended that the Guideline for aggravated assault be used based on a determination that: (1) Pinto intentionally and forcibly assaulted, resisted, opposed, impeded, intimidated and interfered with United States Custom and Border Protection agents while they were engaged in the performance of their official duties; (2) Pinto's behavior involved physical contact with the agents; and (3) Pinto attempted to take an agent's gun, resulting in an intent to commit another felony.[9]

Pinto's assault involved the "intent to commit another felony" because Pinto attempted to disarm agent Treglia during the struggle.[10] Pinto's conduct constituted an aggravated assault, and

---

[9] *See* Sentencing Recommendation.

[10] *See* LSA-R.S. 14:34.6 and 14:27 (Disarming of a peace officer is committed when an offender, through use of force or threat of
(continued...)

as a result § 2A2.2 applies.

There is no evidence that counsel's performance was deficient. Even assuming, without deciding, that counsel's performance was deficient, there is not a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.  Because § 2A2.2 was correctly applied, the petitioner cannot show that he was prejudiced by counsel's failure to object to the guideline calculation in the PSR and argue for the application of an alternate guideline section during sentencing.  Petitioner's ineffective assistance of counsel claim has no merit.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion for Leave to Amend Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, considered as an amended motion to for relief, be denied.

Baton Rouge, Louisiana, March 13, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

¹⁰(...continued)
force, and without the consent of the peace officer, takes possession of any law enforcement equipment from the person of a police officer or from an area within the peace officer's immediate control, when the offender has reasonable grounds to believe that the victim is a peace officer acting in the performance of his duty).